DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas, which granted summary judgment in favor of appellees American Property Analysts Inc. ("A.P.A."), William Szabo, and Charter One Bank N.A. ("Charter One"). For all of the reasons set forth below, this court affirms the judgment of the trial court. *Page 2 
 {¶ 2} Appellants set forth the following two assignments of error:
 {¶ 3} "1. The Trial Court committed reversible error by granting summary judgment in favor of the Appraiser Defendants, American Property Analysts, Inc. and William Szabo.
 {¶ 4} "2. The Trial Court committed reversible error by granting summary judgment in favor of Appellee Charter One Bank N.A."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. Appellant Tracht's family began to develop acreage in the 1970s, which ultimately became referred to as the Bardshar Complex ("Bardshar"). Tracht's father, an architect and real estate contractor, developed the property into a unique multi-use complex, including storage units, apartments, and a single-family home.
 {¶ 6} In the summer of 1998, Tracht's parents were engaged in the process of estate planning and determining their desired methodology of transferring certain assets, including Bardshar. Tracht solicited loan proposals from several commercial lending institutions, including Charter One, in an amount of $1.2 million to acquire the Bardshar storage units from his parents and also refinance the Bardshar complex.
 {¶ 7} On December 3, 1998, Charter One issued a loan commitment to Tracht regarding Bardshar. The commercial loan commitment expressly *Page 3 
incorporated the standard contingency of the lender securing an acceptable appraisal to justify the amount of loan sought as a prerequisite to finalizing the loan in that amount.
 {¶ 8} The loan commitment apportioned responsibility upon Charter One to retain an appraiser and conditioned loan completion in the requested amount upon an appraisal deemed acceptable by Charter One to warrant the transaction from a viable business perspective. In accordance with the loan commitment, Charter One retained the appraisal services of A.P.A., owned by Szabo, to appraise Bardshar. Szabo conducted three site visits to Bardshar and reviewed various financial documentation associated with the complex in order to formulate an appraisal of the fair market value of the property.
 {¶ 9} On April 12, 1999, Bardshar was appraised at $1.2 million. This appraisal was significantly less than an appraised value of the collateral property in excess of $1.5 million such as would be necessary to support a $1.2 million loan pursuant to the term of the Charter One commitment. Tracht's belief that the appraised value of Bardshar by A.P.A./Szabo was underestimated due to negligence by Szabo in preparing and calculating the appraisal value is the root of this case. From shortly after the appraisal being issued, Tracht disputed the amount. *Page 4 
 {¶ 10} Tracht subsequently secured a loan for Bardshar from an alternative commercial lending institution whose higher appraised value of Bardshar was not disputed by Tracht. The alternative loan carried a higher rate of interest than the rate quoted by Charter One in its loan commitment proposal. Tracht was able to refinance this alternative loan at a lesser rate of interest in October 2001.
 {¶ 11} In January 2000, Tracht filed a complaint against Szabo with the Ohio Department of Commerce, Division of Real Estate and Professional Licensing. Tracht alleged that Szabo conducted his appraisal in a negligent, substandard fashion not compliant with professional guidelines. Tracht felt that the value of the property was underestimated. The record makes clear that Tracht's allegations that the appraisal was negligent are prefaced primarily on his rejection of the value placed on Bardshar, rather than any specific evidence that flawed principles of real estate appraisal were improperly utilized by A.P.A./Szabo.
 {¶ 12} On April 5, 2001, the Ohio Department of Commerce notified Szabo that its investigation did not reveal reasonable or substantial evidence in support of the allegations of appraiser negligence. The matter was closed.
 {¶ 13} Tracht filed an appeal of that decision. The administrative appeal was reviewed by the State of Ohio Real Estate Appraiser Board. On July 13, 2001, the *Page 5 
board affirmed the determination finding no evidence of violations of appraisal standards by Szabo.
 {¶ 14} On April 17, 2002, Tracht filed his first suit involving the disputed appraisal of Bardshar. In June 2003, the suit was voluntarily dismissed. On July 31, 2003, the suit was refiled. On November 29, 2004, an amended complaint was filed naming A.P.A., Szabo, and Charter One as defendants. Tracht's amended complaint alleged that A.P. A./Szabo violated a duty to Tracht to perform a competent appraisal. The complaint further alleged that Charter One bears joint and several liability with A.P. A./Szabo for the purportedly negligent appraisal pursuant to R.C. 4763.17.
 {¶ 15} Appellees filed for summary judgment, arguing that no duty of care was owed to Tracht, there was no evidence of negligent appraisal and, thus, there could be no joint and several liability arising from a failed negligence claim. On February 28, 2007, summary judgment was granted to Charter One. On March 6, 2007, summary judgment was granted to A.P. A./Szabo. Timely notice of appeal was filed.
 {¶ 16} In their first assignment of error, appellants assert that the trial court erred in granting summary judgment to A.P. A./Szabo. In support, Tracht argues that there is a genuine issue of material fact regarding whether A.P.A./Szabo was *Page 6 
subject to some level of privity with Tracht so as to establish a corollary duty of care. Establishing a duty of care to Tracht is mandatory as a matter of law given appellants' negligent appraisal theory. It is determinative. In the absence of a duty between the parties, this claim must fail as a matter of law.
 {¶ 17} Our review of appellants' claims is conducted pursuant to a de novo standard. De novo review is well established in Ohio as the standard of review for summary judgment appeals. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. To grant a motion for summary judgment, we must find that there is no genuine issue of material fact; that the moving party is entitled to judgment as a matter of law; and that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66.
 {¶ 18} We have carefully reviewed the record of evidence for any indicia sufficient to persuade us that a duty of care existed between A.P.A./Szabo and Tracht in connection with the disputed appraisal.
 {¶ 19} In 1998, Tracht solicited commercial loan proposals from multiple lending institutions seeking 1.2 million in financing to refinance Bardshar and acquire its storage units from his parents. One of the three loan commitment proposals obtained by Tracht was issued by Charter One. In its December 3, 1998 *Page 7 
loan commitment proposal to Tracht, Charter One expressly incorporated a proposed loan amount equivalent to 1.2 million or 80 percent of the appraised value of Bardshar. In conjunction with this loan proposal term, Charter One expressly incorporated into the proposal that the appraisal value of the property must be acceptable to the lending institution. The proposed borrower's satisfaction of the appraisal value was never integrated as a term or provision of the proposal.
 {¶ 20} Such loan commitment terms and practices are standard and logical given that it is the lending institution that is exposing itself to potential risk of loss should the loan be finalized, issued, defaulted, and the market value of the premises is insufficient to cover the loan amount. The intrinsic nature of such a business transaction requires that the objectivity of a market value appraisal of collateral property not be compromised by a borrower's subjectively inflated market value expectations. To hold otherwise would improperly require lenders to issue loans prefaced upon subjective borrower expectations rather than objective fair market appraisal values.
 {¶ 21} The December 3, 1998 Charter One loan commitment clearly and expressly limited the establishment of a duty by the appraiser as existing only between the appraiser and Charter One. The fact that the agreement simultaneously imposed the cost of the appraisal upon the borrower does not *Page 8 
negate the limited scope of the legal relationship established with the appraiser by the loan commitment. The loan commitment unambiguously stated as a condition to the proposal, "an appraisal of the property acceptable to the bank." Borrower expectations do not determine viable loan amounts.
 {¶ 22} In conjunction with the above, we note that Tracht's deposition itself confirms that he objectively understood that there was no type of employment relationship being created between himself and the appraiser in the course of his dealings with Charter One. Tracht's deposition states in relevant part, "in the end, the appraiser works for the financial institution, so I'm not exactly sure where the client relationship is, if I paid for the appraisal even though the appraiser worked for the bank."
 {¶ 23} We find that the terms of the loan commitment issued by Charter One to Tracht, as well as Tracht's own deposition testimony, can only lead reasonable minds to conclude that there was no relationship or privity from which a duty could be imputed between A.P. A./Szabo and Tracht.
 {¶ 24} We note that regardless of the lack of any duty-based relationship existing between these parties, on July 13, 2001, the State of Ohio Real Estate Appraiser Board determined in response to an investigation of A.P.A./Szabo's conduct underlying the disputed appraisal that no professional or ethical violations *Page 9 
were established. No evidence of negligence was found. Regardless, no duty existed, rendering further negligence analysis based upon a non-existent duty moot.
 {¶ 25} The duty of professional care in performance of the Bardshar appraisal on the part of A.P.A./Szabo was limited to Charter One. It did not extend to Tracht. We find appellants' first assignment of error not well-taken.
 {¶ 26} In appellants' second assignment of error, they maintain that the trial court erred in granting summary judgment to Charter One. We need not belabor our analysis of this issue given our finding in response to the first assignment of error.
 {¶ 27} Appellants' second assignment of error is prefaced upon statutory joint and several liability. R.C. 4763.17 establishes that lending institutions, which retain certified appraiser services may be held jointly and severally liable for damages caused by tortious acts of the appraiser. Such liability, as a matter of law, is conditioned upon a duty being owed and breached. As held above, there was no duty owed to Tracht. The issue of joint and several liability is moot given our determination that no duty was owed and liability cannot be established as a matter of law. We find appellants' second assignment of error not well-taken. *Page 10 
 {¶ 28} On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR. *Page 1